### 29957. JAMES *v.* THE STATE.

DECIDED JANUARY 27, 1943.

*Oliver K. Mixon, Philip Newbern,* for plaintiff in error.

*W. C. Forehand, solicitor-general,* contra.

GARDNER, J. 1. (*a*) The record as above set out reveals sufficient evidence to sustain the verdict on the general grounds.

(*b*) Under the general grounds the defendant also attacks the judgment for the reason that under the allegations of the indictment the evidence was insufficient as a matter of law to sustain the verdict. It is contended that the indictment alleged a demand on the part of the defendant, which would bring the offense, if any, under the latter division of the provisions of the Code, § 26-1405, and that the evidence did not show a demand. There was no demurrer filed to the indictment. Code § 26-1405 reads as follows: "An assault with intent to rob is where any person shall, with any offensive or dangerous weapon or instrument, unlawfully and maliciously assault another, or shall, by menaces, or in and by any forcible or violent manner, demand any money, goods, or chattels of or from any other person, with intent to commit robbery upon such person."

The body of the accusation alleges: "For that the said Alma Elana James on the 2nd day of September in the year 1941, in the county and State aforesaid, did then and there unlawfully and with force and arms make an assault with intent to rob one Willie Mena Kiser, and in her efforts to do so did then and there demand of the said Willie Mena Kiser, money, and forcibly and in a violent manner strike and beat the said Willie Mena Kiser with a hatchet, commonly known as a chop-ax, with the intent to commit a robbery from the person of one Willie Mena Kiser; and thereby in a violent and forcible manner take from' her person money and other valuable property." We do not think this contention has any merit. The indictment alleged that the instrument was "an offensive and dangerous weapon or instrument," indeed, a deadly weapon, and that it was maliciously used. We do not understand the first portion of the Code section referred

to to mean that if the evidence shows a completed beating there might not also be along with it a demand on the victim. Then, also, if all the other elements of the offense embraced in the first division of the section are charged (and we hold that they are alleged in the indictment before us) the mere allegation of a demand may be treated as surplusage. However, the evidence as related hereinbefore shows the offensive, dangerous and deadly character of the weapon in the manner in which it was used, and also a demand. Under the facts of this case the demand faded into and lost its identity as such in the completed act of the beating. There was nothing to the contrary ruled in *Erwin* v. *State,* 117 *Ga.* 296 (43 S. E. 719), cited by counsel for defendant. We find no valid reason to reverse the judgment on the general grounds for any reason assigned.

2. The special grounds are numbered 4, 5, 6, 7, and 8. It is easily discerned from the record that the theory of the State was that the defendant knew of the habits and wealth of the prosecutrix, procured the automobile, and induced the prosecutrix to leave her home; then carried her beyond the limits of her State into Georgia for the purpose of executing a premeditated plan to obtain by robbery the valuables of the prosecutrix.

Ground 4 complains that the court erred in admitting testimony that defendant tore to pieces her driver's license and pawn tickets. This ground is without merit. It was a legitimate circumstance, which the jury was authorized to consider along with all the other testimony in the case, indicating that the purpose of the defendant in destroying these documents was to conceal her conduct and identity.

Ground 5 complains because the court admitted testimony that defendant had stolen her husband's automobile. It is contended that this put the character of the defendant in issue over her objection. With this contention we can not agree. It was proper to consider this testimony as an incriminating admission tending to establish the fact that the defendant secretly and in this manner procured the automobile for the purpose of executing her malicious intent to rob the prosecutrix. This was a voluntary incriminating admission, freely and voluntarily made by the defendant at the scene of the transaction. Under the record it might also be considered as a part of the res gestæ.

Ground 6 complains of the following charge to the jury: "In this particular case the State contends that, on the occasion under investigation, the defendant now on trial did, with a certain deadly weapon, a hatchet, then and there commit an assault upon the person of the prosecutrix for the purpose of taking from her money or other things of value." It is contended that this was erroneous because the indictment did not charge the weapon to be "deadly or offensive and dangerous." We can not agree to this reasoning. The instrument was alleged to be a "hatchet" generally known as a "chop-ax." The instrument itself was introduced, and the effects showed it to be "offensive, dangerous, and deadly." The effects denominate the instrument more particularly than the conclusive words of the statute. There is no merit in this ground.

Grounds 7 and 8 are argued together and are treated together. They assign error on the ground that the court erred in charging the jury that no demand was necessary. The court charged the law correctly under the allegations of the indictment and the facts introduced to support them. Moreover, the defendant made the statement that the prosecutrix promised her two dollars with which to buy gas, and refused to pay it, whereupon the defendant struck her with a view to taking the money by force. This statement, coming from the defendant, was sufficient evidence of a demand, if indeed proof of such demand was essential.

We find no merit in any of the assignments of error that would warrant a reversal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*