### 43797. COLEMAN v. THE STATE.
(357 SE2d 566)

BELL, Justice.

Tommy Coleman was convicted of aggravated battery. In *Coleman v. State*, 179 Ga. App. 834 (348 SE2d 70) (1986), the Court of Appeals affirmed the conviction. We granted certiorari to review the court's holding that the trial court did not err "in permitting Detective Gill to give his opinion, as an expert witness, concerning the location of the victim [the defendant's wife] in the house when she was shot and whether the victim was holding a knife at the time of the shooting." Id. (2) at 835. In so holding, the Court of Appeals discounted the appellant's contention that those conclusions could have

been drawn by the jurors without Detective Gill's assistance.

1. We disagree with the Court of Appeals' holding. An expert's testimony on issues to be decided by the jury is not admissible where the conclusion of the expert is one which jurors would ordinarily be able to draw for themselves. *Allison v. State*, 256 Ga. 851, 853 (6) (353 SE2d 805) (1987); *Williams v. State*, 254 Ga. 508 (2) (330 SE2d 353) (1985); *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). In the instant case it was permissible for Detective Gill to testify about his observations of the physical evidence at the Coleman residence. It was likewise allowable for him to assist the jury by stating his opinion that, based on his experience and training in the field of criminal investigation and crime scene reconstruction, the physical evidence was *consistent with* a hypothetical sequence of events surrounding the shooting. Detective Gill should not have been allowed, however, to offer his factual conclusions concerning the victim's and defendant's locations when the victim was shot and whether she was holding a knife when shot. These conclusions were not beyond the ken of the jurors, once they were apprised of the physical evidence and the *permissible* conclusions of Detective Gill. We therefore reverse the holding of the Court of Appeals in the second division of its opinion.

2. This does not mean it is necessary to reverse the judgment. We have examined the record, and have found that the error was harmless. The transcript shows that the defendant did not object on the ground urged on appeal until late in Detective Gill's testimony, and that many of the conclusions Gill offered after the objection was overruled were merely cumulative of his earlier testimony. Moreover, we find it is highly probable that the objectionable testimony which was not cumulative did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). We therefore affirm the judgment of the Court of Appeals, which affirmed the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., Gregory and Hunt, JJ., who concur in the judgment only.*

DECIDED JUNE 24, 1987 —
RECONSIDERATION DENIED JULY 30, 1987.

*Phillips & Bacon, Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney,* for appellee.