## 76607. WILLIAMS v. THE STATE.
(372 SE2d 840)

BENHAM, Judge.

In this appeal from his conviction for burglary, appellant's only enumeration of error is that the evidence is insufficient to support the verdict. The authority for appellant's argument on that issue is *Vaughn v. State*, 136 Ga. App. 54 (220 SE2d 66) (1975), where this court reversed the conviction because the circumstantial evidence, including fingerprints found at the scene of the crime, was not sufficient to exclude every reasonable hypothesis other than that of the defendant's guilt. The defendant in that case put forth a reasonable hypothesis which was consistent with all the evidence adduced against him.

We find this case more like *Mercer v. State*, 169 Ga. App. 723 (1) (314 SE2d 729) (1984). There, as here, there was evidence contradicting the defendant's explanation for the presence of his fingerprints, and there was other evidence supporting the hypothesis of his guilt. "To sustain a conviction which is based solely on fingerprint evidence, 'the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed.' [Cits.] Where there is additional circumstantial evidence, however, a conviction is warranted if the proved facts are consistent with the hypothesis of guilty and exclude every other reasonable hypothesis save that of guilt. [Cits.]" Id.

The other evidence presented against appellant included the following: appellant was aware of the presence of the cash that was stolen because it was the accumulated assets of the Christmas savings club of which appellant had been a member until he withdrew his contribution a few months before the burglary; a trail of coins led from the victims' door to a spot about 20 yards from appellant's door, making a line straight to appellant's door; one of the victims testified that she saw appellant entering his house two doors down from hers as she was calling the police to report the crime; items belonging to the victims were piled beside their door, indicating that the burglar had not finished before one of the victims returned home; and appellant admitted that he was at home at the time one of the victims discovered the burglary. Appellant's fingerprint was discovered on a window screen found under the bedroom window through which entry to the building was accomplished. He testified that the fingerprint could have gotten there one of two ways: when he picked up the screen from the ground while his sons cut the victims' grass on any one of several occasions; or when he was in the victims' home for a meeting of the Christmas savings club. The victims testified, however, that the screen had never been on the ground and that when appellant was in their home, he never had permission nor occasion to go into the bedroom. "The appellant's explanation having thus been contradicted, we find the fingerprint evidence along with the other circumstantial evidence sufficient to exclude every other reasonable hypothesis save that of the appellant's guilt. [Cit.]" Id. The evidence adduced at trial, considered in its totality, was sufficient to authorize a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided September 7, 1988.

*Christopher C. Edwards*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.