## A90A2330. UNDERWOOD v. THE STATE.
(401 SE2d 589)

Pope, Judge.

Defendant Janice Underwood appeals her conviction of theft by taking. Each of her three enumerations of error relates to the issue of the sufficiency of the evidence, so we will address them as one.

The evidence of record shows defendant accompanied her boy-

friend, Steven Saxon, to an automobile dealership in Gainesville. At the time, Mr. Saxon was residing at a diversion center as part of his sentence for car theft. They were driven to the dealership by a mutual friend, also a resident of the diversion center, who testified he heard Saxon tell the defendant he intended to leave, meaning escape, the center. At the dealership Saxon asked a sales agent to allow him to test drive a two-seater vehicle and, with defendant in range of hearing, referred to her as his wife. Because there was no room for the sales agent to accompany the pair on the test drive, he allowed them to drive the vehicle off the lot unattended. The vehicle was not returned and the pair was arrested almost one month later in Savannah.

At the time the pair was arrested, defendant was inside a grocery store and Saxon was in the parking lot of the store in possession of the automobile. Several items were found in defendant's purse at the time of her arrest, including what appears to be a dealership key ring with information describing the vehicle, another card describing the vehicle, an automobile price sticker and a handwritten document prepared to resemble an automobile title registration purporting to convey "title" of Steven C. Saxon to Janice L. Underwood, in which "crime, computers, new cars" were listed as Saxon's hobbies.

"While mere presence at the scene of the commission of a crime is not sufficient to convict one of being a party thereto, presence, companionship, and conduct both before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation and punctuation omitted.) *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Here, the evidence shows defendant was not only present at the time the automobile was wrongfully taken, she was a continuing companion of the person who directly took the car. Before the taking she was present when her co-defendant described her as his wife, which allowed him to get possession of the car without the supervision of the sales agent, yet she did not correct the misrepresentation. After the taking defendant continued to travel with her co-defendant even though she knew he did not have rightful possession of the car. We conclude sufficient circumstantial evidence was adduced at trial to permit a rational trier of fact to find defendant guilty as a party to the crime beyond a reasonable doubt. Cf. *Moore v. State*, 255 Ga. 519 (1) (340 SE2d 888) (1986); *Parker v. State*, 155 Ga. App. 617 (2) (271 SE2d 871) (1980) (in which evidence of presence and even approval of the co-defendant's acts were deemed insufficient circumstantial evidence to support conviction). Because we conclude there was sufficient evidence of joint liability for the co-defendant's acts, the trial court did not err in instructing the jury on joint and constructive possession.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 25, 1991.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller*, District Attorney, *Lee Darragh*, Assistant District Attorney, for appellee.