A98A0872. STEWART v. THE STATE.
(504 SE2d 770)

Judge Harold R. Banke.

Rodney Shane Stewart was convicted of driving under the influence and driving with a suspended license. He enumerates three errors on appeal.

This case arose after a late night one-car accident which injured

both of the vehicle's occupants. *Morris v. State*, 228 Ga. App. 90, 91 (1) (491 SE2d 190) (1997) (evidence on appeal is viewed in the light most favorable to the verdict). Emergency medical personnel transported the men to a local hospital before the police commenced an investigation.

After arriving at the scene, the arresting officer observed that the car had missed a curve, hit a sign and a culvert, and vaulted over a driveway. The steering wheel was bent, and the driver's side windshield was broken and bore a starburst pattern about halfway up on the passenger side of the steering wheel. Blood had spilled onto the steering wheel, the driver's seat, and door handle.

The officer continued his investigation at the hospital where he interviewed Stewart and his passenger. Both men denied driving the car, and both were intoxicated. Stewart had suffered head injuries which had been bleeding. In contrast, the passenger's injuries were more limited and appeared less severe than Stewart's. Stewart, who smelled of alcoholic beverages, slurred his speech, and had bloodshot eyes, refused to perform field sobriety tests or undergo a blood test. Based upon these observations, the officer determined that Stewart had been driving and arrested him. *Held*:

1. Stewart maintains that the trial court erred by refusing to allow the jury to view the wrecked car, which had been brought to the courthouse. Pretermitting the viability of the alleged error, we fail to see how Stewart was harmed by the ruling inasmuch as the trial court admitted photographs of the vehicle. See *Davis v. State*, 225 Ga. App. 564, 570 (7) (484 SE2d 284) (1997); see also *Williams v. State*, 202 Ga. App. 728, 729 (3) (415 SE2d 327) (1992).

2. Stewart claims the trial court erred in allowing the arresting officer to draw an expert conclusion on the ultimate issue, the identity of the driver, a matter not beyond the jury's ken. Because Stewart failed to assert this objection at trial, it is waived. *Maddox v. State*, 227 Ga. App. 602, 604 (3) (490 SE2d 174) (1997); compare *Coleman v. State*, 257 Ga. 313, 314 (357 SE2d 566) (1987).

3. Stewart argues that the denial of his motion for directed verdict of acquittal requires reversal. We disagree.

When the evidence, viewed in the light most favorable to the verdict, is sufficient to permit a jury to find each essential element of the crimes charged beyond a reasonable doubt, a directed verdict is inappropriate. *Rautenberg v. State*, 178 Ga. App. 165, 167 (1) (342 SE2d 355) (1986). In considering that issue, we are prohibited from reweighing the evidence or reassessing the witnesses' credibility. *Blackwell v. State*, 229 Ga. App. 452, 455 (3) (494 SE2d 269) (1997).

Notwithstanding Stewart's contention to the contrary, the arresting officer's opinion was not the only evidence indicating that Stewart was the driver. It is undisputed that during the wreck Stew-

art sustained a bloody gash in his forehead. Several witnesses testified about the windshield's condition, and the jury examined photographs of it. Both the arresting officer and the tow truck driver testified of blood on the driver's seat. It is undisputed that Stewart exhibited signs of intoxication. This evidence was sufficient to support the verdict. As the sole judge of credibility, the jury was authorized to disbelieve Stewart's theory that when the wreck occurred, the driver, a man known only by the name of "Buzz," ran away before anyone saw him, leaving Stewart and his passenger, a life-long friend, injured and alone in Stewart's mother's Camaro. See *Moore v. State*, 268 Ga. 420, 421 (1) (489 SE2d 842) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 28, 1998.

*L. Scott McLarty*, for appellant.

*Robert W. Lavender, District Attorney, Marsha L.Dooley, Assistant District Attorney*, for appellee.