A00A1641. BROCKINGTON v. THE STATE.
(538 SE2d 474)

JOHNSON, Chief Judge.
Following a bench trial, Sharon Brockington was found guilty of driving while under the influence of alcohol. She was found not guilty

of allowing an unlicensed person to drive and driving with an open container of alcohol. She contends the state failed to prove that she was the driver of the vehicle. Because there was evidence that she was the driver of the vehicle, we affirm her DUI conviction.

1. Viewed in a light most favorable to support the verdict, the evidence shows that Brockington and her nephew left a party shortly before midnight. They had gone only a few hundred yards when they were involved in a collision with another car. At trial, the parties stipulated that the issue to be tried was whether Brockington was the driver of the car. Brockington stipulated that she had been drinking and would have been a less safe driver. It was further stipulated that the officer at the scene charged Brockington's nephew with driving under age.

The only witness called on behalf of the state was the driver of the other car involved in the collision. He testified that when he approached Brockington's car after the collision, he observed Brockington "partially in the driver's seat and partially — I guess the best way to say it straddling — I don't know that there was much of a console or anything, but it looked like she was trying to get out of the driver's seat and into the passenger's seat." He testified that Brockington was "sliding out from under the driver's seat" and "was sitting more in the driver's seat than anything." While Brockington insisted that her nephew was driving the car, the witness testified that the nephew was completely in the backseat, "[a]lmost like laying down," and Brockington was "between seats at best. Mostly underneath the driver's seat, underneath the steering wheel." According to the witness, "[i]t was obvious to me that she was moving away from the driver's seat and that he was getting into the driver's seat." As the witness spoke with Brockington, "[s]he slid over to the passenger's side and the little boy [her nephew] completely got into the driver's side."

Based on this evidence, the trial court was authorized to find that Brockington was driving the car at the time of the collision. *Krull v. State*,[1] cited by Brockington, is inapposite. In *Krull*, the defendant was arrested for and convicted of driving under the influence of alcohol after he was found intoxicated in the driver's seat of a wrecked car. However, in that case the evidence showed that the car was inoperable, and there was no testimony that it had been driven recently. The evidence further showed that it was not the defendant's car, the defendant was not allowed to operate the car, and the defendant's father had left the defendant and the car while he went for help following the accident.

---

[1] 211 Ga. App. 37 (438 SE2d 152) (1993).

In the present case, although the witness did not observe Brockington actually driving the car, his observations after the collision provided sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that Brockington was the driver of the car. The witness' testimony also shows why the officer cited the nephew for driving under age. While Brockington testified that her lower body was never in the driver's side of the car and that her nephew was the driver of the car, the nephew did not testify at trial, and it is solely for the trier of fact to weigh conflicting evidence and determine the credibility of the witnesses.[2]

2. Brockington enumerates as error that the finding of not guilty on the charge of possessing an open container of alcohol and the finding of guilty on the charge of driving under the influence of alcohol are inconsistent. However, she does not address this enumeration of error in her appellate brief. Therefore, this enumeration of error is deemed abandoned.[3]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 16, 2000

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings,* for appellant.
*Joel Osteen, Solicitor,* for appellee.

---

[2] See *Stewart v. State*, 233 Ga. App. 607, 608-609 (3) (504 SE2d 770) (1998); *Garrett v. State*, 230 Ga. App. 97, 98 (2) (495 SE2d 579) (1998).
[3] Court of Appeals Rule 27 (c).