## S01A1185. ALMOND v. THE STATE.
### (553 SE2d 803)

CARLEY, Justice.

A jury found Mastro Almond guilty of malice murder and the sale of cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. At trial, eyewitnesses testified that Almond sold cocaine to the victim and, after a dispute regarding payment arose, fatally shot him. The State produced additional evidence that appellant was the shooter, including proof that his gun was the murder weapon and that he admitted to others that he killed the victim. He contends that the prosecution witnesses were biased against him, but they were subject to a thorough and sifting cross-examination by the defense. Thus, the credibility of their testimony was for the jury. When construed most strongly in favor of the verdict, the evidence was sufficient to authorize a rational trier of fact to find proof of his commission of the murder and the sale of drugs beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After qualifying the investigating officer as an expert in crime scene reconstruction, the prosecuting attorney asked whether he had "formed an opinion as to what happened?" The trial court permitted the witness to answer, over a defense objection that the question was so broad as to elicit an opinion on the ultimate issue in the case and to invade the province of the jury. Almond enumerates this eviden-

---

[1] The crimes occurred on February 9, 1999. The grand jury indicted Almond on May 21, 1999. The jury returned the guilty verdicts on April 27, 2000. On June 20, 2000, the trial court entered its judgments of conviction, and sentenced Almond to life imprisonment for the murder and to a consecutive 30-year term for the drug offense. Almond filed a motion for new trial on July 5, 2000, and the trial court denied that motion on February 16, 2001. Almond filed a notice of appeal on March 14, 2001. The case was docketed in this Court on May 9, 2001. The appeal was submitted for decision on July 2, 2001.

tiary ruling as error.

The State did not seek the officer's opinion as to appellant's guilt. In a criminal case, an expert is permitted to state an "opinion that, based on his experience and training in the field of criminal investigation and crime scene reconstruction, the physical evidence was consistent with a hypothetical sequence of events surrounding the shooting." (Emphasis omitted.) *Coleman v. State*, 257 Ga. 313, 314 (1) (357 SE2d 566) (1987). Almond raised an initial objection only to the form of the question, and did not subsequently assert that the officer's actual testimony exceeded the authorized scope of expert opinion evidence. Thus, there was no error.

3. Although Almond urges that the trial court erred in admitting various photographs taken with a digital camera, the record shows that the pictures were introduced only after the prosecution properly authenticated them as fair and truthful representations of what they purported to depict. A trial court's exercise of its discretion in ruling on the admissibility of photographs will not be reversed unless manifestly abused. *Williams v. State*, 255 Ga. 97, 101 (4) (335 SE2d 553) (1985). We are aware of no authority, and appellant cites none, for the proposition that the procedure for admitting pictures should be any different when they were taken by a digital camera. See *Ray v. State*, 266 Ga. 896, 897 (1) (471 SE2d 887) (1996) (videotapes admissible with same limitations and on same grounds as photographs). Therefore, the trial court did not abuse its discretion by allowing the photos into evidence here.

· 4. The State introduced evidence that Almond was wearing a camouflage jumpsuit when he shot the victim and then fled to his mother's nearby house, but that, upon exiting her residence some time later, he had on different clothing. When officers searched a garbage truck carrying a trash bag that had been picked up outside the house, they discovered a jumpsuit and numerous papers bearing appellant's name. Some of the papers were official documents connected with his previous drug conviction. The trial court admitted the jumpsuit and all of the papers into evidence, but instructed the jury to consider them only for the limited purpose of identifying Almond as the guilty party. He contends that admission of such of those documents as related to his commission of a previous crime placed his character into evidence.

There was a substantial connection between the evidence of Almond's past crime and his present guilt. Compare *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988); *Merritt v. State*, 255 Ga. 459, 460 (2) (339 SE2d 594) (1986); *Richardson v. State*, 199 Ga. App. 10, 11 (2) (403 SE2d 877) (1991). The evidence from the trash bag had been collected in connection with the investigation of the crimes and was in the possession of the prosecution only because someone had dis-

carded it. Since Almond contended that another named individual was guilty, his identity as the perpetrator was a crucial disputed issue. Relevant evidence which supports the inference that he committed the crimes would be admissible, even though it might incidentally impugn his character. *Duck v. State*, 250 Ga. 592, 598 (4) (300 SE2d 121) (1983). Also, proof that Almond subsequently sought to conceal his conduct and identity by abandoning the clothing and other items that he had in his possession at the time of the shooting was relevant. See *James v. State*, 68 Ga. App. 765, 768 (2) (24 SE2d 149) (1943). The discovery of a jumpsuit in a trash bag is not necessarily incriminating. Considering all of the circumstances, however, including the bag's connection with the home of appellant's mother and the contemporaneous discovery of a number of documents bearing his name, the discarded article of clothing supports the inference that he was the shooter. Because the items found in the trash bag collectively identify Almond as the perpetrator of the crimes for which he was being tried, they were admissible even if they incidentally placed his character into evidence. See *Ledesma v. State*, 251 Ga. 885, 888 (5) (a) (311 SE2d 427) (1984); *Duck v. State*, supra at 598 (4); *James v. State*, supra at 768 (2).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*Charles E. Day*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.