A10A0233. NEWTON v. THE STATE.

(695 SE2d 79)

MILLER, Chief Judge.

A jury convicted Quinton Newton of aggravated assault and possession of a firearm during the commission of a felony (OCGA §§ 16-5-21 (a) (2) and 16-11-131 (b), respectively). Newton appeals, contending that the trial court erred in failing to charge the jury on justification and challenging the effectiveness of trial counsel. Dis-

---

[16] Id.

cerning no error, we affirm.

When construed most strongly in support of the guilty verdicts (*Davenport v. State*, 283 Ga. 171 (1) (656 SE2d 844) (2008)), the evidence shows that Christopher Bryant drove Anselmo Lozano and his cousin, Newton, to a DeKalb County location where Bryant intended to sell two pounds of marijuana to a fourth individual, co-defendant Bobby White. Bryant wanted Newton to come with him because Newton had a gun. White asked David Muntford, an acquaintance, to join him in taking delivery of the marijuana. As Muntford left to meet White, he told his girlfriend that he and White planned to rob someone. When the parties met, White complained that he was being charged too much for the marijuana. As Bryant put his car in reverse to leave the scene, White reached into his pocket, pulled out a handgun, and fired into the vehicle in a failed attempt to rob the men before they could drive away. Although Bryant and Newton each denied having a gun and asserted that the other returned fire, both were observed returning fire in the ensuing gun battle in which Bryant was shot in the back and Muntford was killed. Arrests of the four followed.

1. Newton contends the trial court erred in denying his request to charge the jury on justification. Pretermitting whether Newton was entitled to such a jury instruction notwithstanding his denial of the underlying act (see *Gregoroff v. State*, 248 Ga. 667, 671 (285 SE2d 537) (1982) (allowing defendant to deny the act and claim an affirmative defense where the defense is raised sufficiently by the State's evidence)), the record shows that at the charge conference trial counsel acquiesced in the trial court's decision not to give such an instruction and failed to reserve an objection once the charge was given. "The failure to voice an objection or to reserve objection at trial constitutes waiver of appellate review of the issue. [Cit.]" *Nelson v. State*, 283 Ga. 119, 121 (3) (657 SE2d 201) (2008). Further, "even the review of substantial error under OCGA § 5-5-24 (c) is not available when the giving of an instruction, or the failure to give an instruction, is induced during trial by counsel for the complaining party or specifically acquiesced in by counsel." (Citation, punctuation and footnote omitted.) *Johnson v. State*, 293 Ga. App. 32, 39 (6) (666 SE2d 452) (2008).

2. Newton also challenges the effectiveness of trial counsel, arguing that counsel failed to properly pursue his requested justification charge, as above, and that counsel failed to request a justification charge in compliance with Uniform Superior Court Rule ("USCR") 10.3. We disagree.

To prevail on a claim that his counsel was ineffective, Newton must show both that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v.*

*Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006). "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Muller v. State*, 284 Ga. 70, 71 (3) (663 SE2d 206) (2008).

(a) Newton contends that he received ineffective assistance of counsel because trial counsel acquiesced in the trial court's ruling that such a charge was not credibly raised by the evidence. Such claim to the contrary notwithstanding, "[c]ounsel's decision as to which requests to charge to pursue in light of the defense theory is a strategic one. [Cit.]" *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003). As a general rule, matters of tactics and strategy, "whether wise or unwise did not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32) (1997).

Here, it is undisputed that the sole defense theory, after trial counsel consulted with Newton, was mere presence at the crime scene as an innocent bystander. And Newton has failed to show that trial counsel's strategy was otherwise contrary to his wishes or that an instruction on "justification" would have altered the outcome at trial. Consequently, Newton has failed to show ineffectiveness of counsel on this account.

(b) Further, Newton contends that he received ineffective assistance of counsel because trial counsel submitted his request to charge on justification in a format which did not comply with USCR 10.3.

USCR 10.3 provides the following:

All requests to charge shall be numbered consecutively on separate sheets of paper and submitted to the court in duplicate by counsel for all parties at the commencement of trial, unless otherwise provided by pre-trial order; provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter.

At the motion for new trial hearing, trial counsel conceded that his requests for jury instructions did not comply with USCR 10.3 because they were submitted as an unnumbered list on a single sheet of paper. While the "failure to adhere to the rule has been cited as justification for a trial court's refusal to give a later requested charge[ ]" (see *Gagnon v. State*, 240 Ga. App. 754, 755 (1) (525 SE2d 127) (1999) (addressing the timeliness of a written request) (citations omitted)), such a failure has not been held to result in the

waiver of such a request. See, e.g., *Temple v. State*, 238 Ga. App. 146, 148 (3) (517 SE2d 850) (1999) (it was not error for the trial court to refuse to give charges on lesser included crimes where the requests for charges were not timely submitted under USCR 10.3); *Smith v. State*, 222 Ga. App. 366, 370 (5) (474 SE2d 272) (1996) (failure to give charge not error because request to charge not timely submitted under USCR 10.3). Moreover, here, the trial court considered Newton's request to charge on justification, and, trial counsel concurring, determined that the evidence did not support the charge. Thus, although trial counsel concedes deficient performance as counsel due to his failure to submit his requests to charge in the proper format, Newton has failed to show that such deficiency prejudiced his defense. Accordingly, Newton has likewise failed to establish ineffective assistance of trial counsel on this basis. *Dickens*, supra, 280 Ga. at 321 (2).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 14, 2010 —
RECONSIDERATION DENIED APRIL 29, 2010 — ▮▮▮▮▮▮▮

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.