A10A0896. ESCOE v. THE STATE.

(702 SE2d 652)

BARNES, Presiding Judge.

William Thomas Escoe appeals his burglary conviction, contending that the circumstantial evidence against him was insufficient and that the trial court erred in allowing certain expert testimony. For the reasons that follow, we affirm.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Brown v. State*, 293 Ga. App. 633 (667 SE2d 899) (2008). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that the victim drove up to a trailer on his property and saw that the front door was standing open. By the open door were some of the victim's tool kits and a duffle bag he did not recognize, filled with tools belonging to the victim. As the victim stepped into the trailer he saw that other tools and office equipment were gone, and then saw two men "run past" the back window, next to the back door. The victim returned to his truck, and Escoe and another man, Robinson, came around the side of the trailer toward him with "shocked" looks on their faces. The victim asked what they were doing, and they said they had come to see if the trailer was for rent. The victim replied, "No, I'm being burglarized," and backed his truck down the drive to the road, where he called the police. Escoe and Robinson walked up the drive, which was the only exit from the property, and according to the victim Escoe volunteered, "I don't have to steal. I work a job every day." Then he "took off running back down to that rental house down the street where he was from."

In the entry to the crawl space beneath the back window were a pair of the victim's gloves, which he had last seen inside the trailer and had never worn. The crawl space entry was beneath the window through which the victim had seen Escoe running, and the gloves were stretched out as if they had been worn. An investigator from the sheriff's department testified as an expert in burglaries that burglars often use gloves to avoid leaving fingerprints. He also testified that burglars often "pool" items they intend to steal by the

exit so they can leave quickly, and that stretched spider webs on the back door indicated that the door had been recently opened.

OCGA § 24-4-6 provides that circumstantial evidence warrants a conviction if the proved facts are not only consistent with guilt, but "exclude every other reasonable hypothesis" but guilt. While Escoe argues that the circumstantial evidence here did not exclude the possibility that he was at the house to inquire if it was for rent, the evidence need not exclude "every possibility of the innocence of the defendant." *Dean v. State*, 181 Ga. App. 452 (352 SE2d 633) (1986). "[T]o support the verdict, circumstantial evidence must exclude only reasonable hypotheses," and whether a hypothesis is reasonable is a jury question. *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of Escoe's guilt, and that Escoe was guilty beyond a reasonable doubt of burglary. *Bollinger v. State*, 259 Ga. App. 102, 104 (1) (576 SE2d 80) (2003) (presence in driveway while house allegedly burglarized, evidence defendant fled the scene, and inconsistent statements sufficient to sustain burglary conviction); *Williams v. State*, 188 Ga. App. 284, 285 (372 SE2d 840) (1988).

2. Escoe asserts the trial court abused its discretion in certifying the investigator as an expert in burglary because his testimony only concerned matters within the jury's common knowledge. The investigator testified that he had investigated hundreds of burglaries, and had obtained additional training in the area of burglary investigation to enhance his investigative skills. "An expert witness is anyone who, through training, education, skill, or experience, has particular knowledge that the average juror would not possess concerning questions of science, skill, trade, or the like. [Cit.]" *Hubert v. State*, 297 Ga. App. 71, 74 (4) (676 SE2d 436) (2009). "In a criminal case, an expert is permitted to state an opinion that, based on his experience and training in the field of criminal investigation and crime scene reconstruction, the physical evidence was consistent with a hypothetical sequence of events surrounding the [crime]." *Almond v. State*, 274 Ga. 348, 349 (2) (553 SE2d 803) (2001). The investigator in this case testified that, based on his experience and training, cobwebs indicated the back door had been opened recently. He also testified that burglars use gloves to avoid leaving fingerprints and place items near the door so they can leave the premises quickly. This testimony does not invade the province of the jury. *Ogburn v. State*, 296 Ga. App. 254, 257 (4) (674 SE2d 101) (2009).

Escoe also argues that the investigator's testimony that the tools were "pooled" by the door to make a quick getaway and that burglars used gloves to avoid leaving fingerprints went to the

ultimate issue to be decided by the jury: "whether a burglary was in progress." Pretermitting whether Escoe waived this objection by failing to make it at trial, see *Almond v. State*, supra, 274 Ga. at 349, the ultimate issue was not whether the victim interrupted a burglary, but whether Escoe committed a burglary. The expert did not testify that he thought Escoe had committed a burglary, and therefore did not testify as to the ultimate issue. Id.; *Strickland v. State*, 212 Ga. App. 170, 173 (4) (441 SE2d 494) (1994).

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 5, 2010.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.