**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A2566. CHANDLER v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Darius Chandler was convicted of burglary (OCGA § 16-7-1 (b)) and giving a false name to officers (OCGA § 16-10-25). Chandler filed a motion for new trial, which the trial court denied. On appeal, Chandler contends that his counsel was ineffective in failing to request a jury charge on fingerprint evidence, inspect and copy the fingerprint material, and object to the improper testimony that went to the ultimate issue of guilt. Finding no error, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.

(Citations and punctuation omitted.) *Fogerty v. State*, 304 Ga. App. 546 (1) (696 SE2d 496) (2010).

So viewed, the evidence shows that in June 2011, the victim's neighbor observed two African American males sitting on the steps of the victim's house in Clayton County. The victim was not home at the time. The neighbor then witnessed the two males go to the back of the victim's house. Approximately fifteen minutes later, the neighbor saw the two males exit the victim's house carrying two red duffle bags, a large flat-screen television, and a shotgun. The male carrying the television proceeded through the backyard before the witness lost sight of him. The male carrying the duffle bags entered a nearby residence, and the neighbor later saw him emerge empty handed. The neighbor then called the police, and the responding officers arrived within 10 minutes.

Upon arriving at the scene, the responding officers obtained from the neighbor a description of the activity and the males. After the officers were unable to locate the two males, the officers searched and processed the area. The officers gained entrance to the residence where the neighbor watched one male take the duffle bags. At this residence, the officers found one red duffle bag containing numerous electronics that the victim later identified as having been taken from his home. The victim's large

2

flat-screen television was found in the backyard of a house on the same side of the street as the victim's house. The victim's rifle was located inside a nearby dumpster.

The officers lifted two latent fingerprints from the television frame. A crime scene investigator testified that the fingerprints were extremely good, and that based on her comparison, she concluded that the prints matched Chandler's.

Based on this information, a police detective contacted Chandler. Chandler denied being in Clayton County during the time of the offense and claimed that it was impossible for his prints to be on the television. When the detective asked to meet Chandler, Chandler refused, stating that he was not planning on returning to Clayton County in the near future. The detective then applied for and obtained a warrant for Chandler's arrest.

One week after the detective spoke with Chandler, police officers observed Chandler in Clayton County when he was walking in the middle of a roadway and obstructing traffic. The officers made contact with Chandler and asked Chandler for identification. Chandler stated that he had no identification on his person, but stated that his name was "William" Chandler. The officer did not find any active warrants for William Chandler, and as a result, the officer advised Chandler that he was free to leave. Later that day, the officer reviewed a photograph of the suspect wanted for

burglary and determined that the individual he encountered earlier in the day was Darius, not William, Chandler. The office returned to the area where Chandler was last seen and arrested Chandler for providing a false name to police officers and for burglary.

After being advised of his *Miranda* rights, Chandler agreed to be interviewed by police officers. During his interview, Chandler admitted that his fingerprints were on the television, but claimed that he had been contacted by two males who were committing a burglary. According to Chandler, he drove to the area where the burglary occurred to examine the stolen television that the males offered to sell him. Chandler claimed that he declined to purchase the television because it would not fit in his vehicle. Although the two males allegedly called Chandler, he was unable to provide the police with contact information for these men. Chandler was also unable to explain how he could drive to the area of the burglary, inspect the television, and depart the area within the ten minutes it took for police officers to respond to the scene. Following a jury trial, Chandler was convicted of burglary and giving a false name.[1] This appeal ensued.

---

[1] At trial, the State introduced similar transaction evidence showing that Chandler committed a burglary in 2010.

Chandler contends that his trial counsel was ineffective in several respects.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [See] *Strickland v. Washington*, 466 U. S. 668, 687 [104 SC 2052, 80 LE2d 674] (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citations and punctuation omitted.) *Bridges v. State*, 286 Ga. 535, 537 (1) (690 SE2d 136) (2010). Applying these standards, we turn to address Chandler's claims.

(a) Chandler contends that his trial counsel was ineffective by failing to request the pattern jury charge on fingerprint evidence, which reads as follows:

> Certain evidence of fingerprint comparison has been admitted by the court for your possible consideration.

> Identification by fingerprint comparison is opinion evidence and is dependent upon the credibility (or believability) and accuracy of the expert witness(es) called for that purpose as well as the following factors:

a) the validity of the theory of identification by fingerprint comparison,

b) the credibility of the witness who performs other necessary functions in making the comparison such as inked finger impressions and latent lifts, and

c) the accuracy of procedures in identifying, preserving, recording, and maintaining integrity of the physical evidence, all of which are questions for the jury.

Fingerprint evidence is also governed by the rules on circumstantial evidence. If you believe that fingerprints corresponding to those of the accused were found and identified, their evidentiary value, if any, would be diminished to the extent that they could reasonably have been left (at the scene) (on the article(s) alleged) at a time or under circumstances that would be consistent with innocence.

A verdict of guilty may not rest upon fingerprint identification alone, unless you are satisfied beyond a reasonable doubt that fingerprints left by the accused were in fact found and that they could only have been impressed by the accused (at the scene of the crime) (on the weapon, etc.) at the time of the commission of the crime and that such identification under all of the facts and circumstances of the case is sufficient to satisfy your mind of the guilt of the accused to the exclusion of any other reasonable theory and beyond a reasonable doubt.

See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.35.20 (3rd ed. 2005).

"[C]ounsel's decision as to which requests to charge to pursue in light of the defense theory is a strategic one. As a general rule, matters of tactics and strategy,

6

whether wise or unwise, [do] not amount to ineffective assistance of counsel." (Citations and punctuation omitted.) *Newton v. State*, 303 Ga. App. 852, 854 (2) (a) (695 SE2d 79) (2010). Additionally,

> [i]f a defendant bases his ineffectiveness claim on trial counsel's failure to request a charge on a certain defense, it is irrelevant whether the trial court would have been required to give such a charge absent a request. Rather, the appropriate inquiry is whether trial counsel provided deficient representation in failing to request the charge, and if so, whether the defendant can meet the prejudice prong of *Strickland v. Washington*. In making the latter determination, the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have changed the outcome of the trial.

(Punctuation and footnotes omitted.) *Lewis v. State*, 302 Ga. App. 506, 509 (c) (691 SE2d 336) (2010).

At the hearing on Chandler's motion for new trial, trial counsel testified that he deliberately chose not to request a jury charge on fingerprint evidence because the evidence was consistent with Chandler's defense, which Chandler helped formulate. Specifically, trial counsel testified that the location of the fingerprints supported Chandler's defense that he was a potential purchaser of a television that two burglars offered to sell him, and that he touched the television while inspecting it. Trial counsel also testified that the fingerprint's location was inconsistent with the State's

7

theory that Chandler left the fingerprint while carrying the television during the burglary. Trial counsel explained that he believed it was better to address the fingerprint evidence through argument rather than requesting a jury charge that could have undermined the credibility of his defense since it would have suggested that the fingerprints were not Chandler's. While the requested charge may have benefitted Chandler's defense, "[t]his Court will not, with benefit of hindsight, second-guess defense trial strategies . . . . Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient." (Citation and punctuation omitted.) *Raymond v. State*, 298 Ga. App. 549, 550-551 (1) (a) (680 SE2d 598) (2009). In light of trial counsel's testimony, Chandler has failed to show that trial counsel's decision not to request the fingerprint charge was patently unreasonable.

Even if trial counsel erred by not requesting the fingerprint charge, Chandler has failed to demonstrate prejudice. Chandler argues that without the fingerprint evidence charge, the jury did not consider the factors relating to the accuracy of the procedures used to evaluate the fingerprints. As noted by trial counsel, however, there was no need to challenge the accuracy of the fingerprint evidence since Chandler admitted to police officers that the fingerprints were his. Moreover, the trial court

8

charged the jury on the presumption of innocence, reasonable doubt, burden of proof, and circumstantial evidence, including that to authorize a conviction based on circumstantial evidence, such evidence must exclude every reasonable theory other than the guilt of the accused. Thus, the jury was fairly informed that they could not convict Chandler unless the circumstantial evidence, including the fingerprint evidence, was sufficient to exclude every reasonable hypothesis save that of guilt. Under the circumstances, we cannot conclude that there was a reasonable probability that the jury would have reached a different result if the charge on fingerprint evidence had been given. See *Lott v. State*, 281 Ga. App. 373, 376 (4) (636 SE2d 102) (2006) (no prejudice from trial counsel's failure to request charge on forcible felonies that might have authorized the defendant's use of deadly force, because the trial court gave other instructions that informed the jury as to when a homicide is justified); see also *Springs v. Seese*, 274 Ga. 659, 662 (3) (558 SE2d 710) (2002) (no reasonable probability that the outcome of the case would have been different had trial counsel requested a jury charge on identity where the jury was charged on presumption of innocence, burden of proof, and reasonable doubt and instructed on the general principles of law underlying a defense of misidentification).

(b) Chandler also contends that trial counsel was ineffective in failing to

inspect and copy discoverable fingerprint material. Again, we disagree.

As discussed above, trial counsel testified that he and Chandler formulated the defense that he innocently touched the television when he inspected it for purchase. Since Chandler admitted to police officers that the fingerprints were his, he cannot show that trial counsel's examination of the fingerprint evidence would have changed the outcome of the trial. To the extent Chandler argues that an independent expert should have been consulted,

> no expert testified at the motion for new trial hearing. Without this testimony, we cannot evaluate whether there is a reasonable probability that the outcome of the proceeding might have been different. Therefore, [Chandler] has failed to meet his burden to show ineffective assistance of counsel on this basis.

(Punctuation and footnote omitted.) *Thornton v. State*, 305 Ga. App. 692, 694 (1) (a) (700 SE2d 669) (2010).

(c) Chandler next contends that trial counsel was ineffective for failing to object to the testimony of the investigating officer and the victim that Chandler asserts went to the ultimate issue of his guilt and invaded the province of the jury. We disagree.

(i) Chandler asserts that it was improper for the victim to testify that Chandler did not have permission to have any of his property or to enter his residence. "A

10

witness generally is not permitted to express his or her opinion regarding an ultimate issue in the case because to do so would invade the fact-finding province of the jury[.]" (Citations and punctuation omitted.) *Medlock v. State*, 263 Ga. 246, 248 (3) (430 SE2d 754) (1993). In this case, however, the victim indicated that he did not know Chandler, and that he did not give Chandler permission to enter his residence or have his property. "The [victim] did not testify that he thought [Chandler] had committed a burglary, and therefore did not testify as to the ultimate issue." (Citations and punctuation omitted.) *Escoe v. State*, 306 Ga. App. 321, 323 (2) (702 SE2d 652) (2010). Therefore, trial counsel's failure to make a meritless objection to the victim's testimony does not constitute ineffective assistance. See *Walley v. State*, 298 Ga. App. 483, 486 (3) (680 SE2d 550) (2009).

(ii) Chandler also asserts that the investigating officer impermissibly testified about the ultimate issue of fact as to whether Chandler was one of the two perpetrators involved in the burglary. Chandler takes issue with the following exchange:

> The State: [T]o your knowledge how many perpetrators were there in [the burglary]?
>
> The officer: I was informed by the witnesses and the original police report that there were two individuals involved. That's what both the

11

witnesses said they saw two people.

The State: Were you ever able to find out who the other individual was?

The officer: No[.]

Contrary to Chandler's claims, the officer's testimony that he did not identify or apprehend the second individual involved in the burglary did not go to the ultimate issue of whether Chandler committed the burglary. The officer expressed no opinion as to whether he thought Chandler committed a burglary, and therefore he did not testify as to the ultimate issue. See *Escoe*, supra, 306 Ga. App. at 323 (2). Therefore, trial counsel's failure to make a meritless objection to the officer's testimony does not constitute ineffective assistance. See *Walley*, supra, 298 Ga. App. at 486 (3).

Accordingly, the trial court did not err in finding that none of the foregoing grounds constituted ineffective assistance of counsel.

*Judgment affirmed. Ray and Branch, JJ., concur.*