## 23554. MICHELI v. THE STATE.

ARGUED JUNE 15, 1966—DECIDED JULY 7, 1966.

*Henritze, Baker & Bailey, Walter N. Henritze,* for appellant.
*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Jess H. Watson, Amber W. Anderson, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

COOK, Justice.   This is an appeal from a judgment of conviction and sentence in Fulton Superior Court on an indictment charging the offense of robbery by the use of an offensive weapon. The only error specified in the enumeration of errors is that: "The court erred in not charging on eyewitness identification even though not requested." '

The record shows that the accused, William Anthony Micheli, was identified by the victim as the person who committed the offense charged in the indictment and that this direct evidence was corroborated by three additional eyewitnesses.   Counsel for the appellant concedes in his brief, as he did in his oral argument, that in Georgia there is no statutory or case law rule requiring the trial judge to instruct the jury on "eyewitness identification," with or without request, but he contends that such a rule should be adopted by this court in the case at bar, and applied generally, on the theory that in many cases there has been a miscarriage of justice because of mistaken identification of the accused.   In fact, he submits an elaborate and well-prepared thesis in support of his contention, which in substance concludes that because of human frailties alluded to by scientists, and many cited isolated cases of mistaken identification, it should be the duty of a trial judge to "warn the juries of the dangers of the identification evidence in general and to instruct them to receive it with caution."

Obviously, this contention is without merit.   In considering the error as enumerated, together with the brief and oral argu-

ment submitted by counsel for the appellant, we conclude that on the question of identification it was sufficient for the trial judge to instruct the jury on the general rule as to the credibility of witnesses, the defendant's statement, and the burden of the State to produce evidence sufficient to satisfy their minds beyond a reasonable doubt as to the defendant's guilt.

*Judgment affirmed. All the Justices concur.*