## S97A0650. WEEMS v. THE STATE.
(491 SE2d 325)

THOMPSON, Justice.

Defendant appeals following his conviction for felony murder in connection with the shooting death of Rufus Gordon Smith.[1] The facts are set out fully in *Williams v. State*, 267 Ga. 771 (482 SE2d 288) (1997). We summarize them briefly as follows:

Defendant and several other young men (including Ronald

---

[1] The crime was committed on July 6, 1995. Defendant was indicted on July 28, 1995, and charged with malice murder and felony murder with the underlying felony of aggravated assault. Following a jury trial which commenced on October 12, 1995, defendant was found guilty of felony murder. Defendant was sentenced to life in prison on October 20, 1995, and he moved for a new trial on October 26, 1995. The motion for a new trial was denied on December 6, 1996, and defendant filed a notice of appeal on December 17, 1996. The appeal was docketed in this Court on January 17, 1997, and submitted for decision on briefs on March 10, 1997.

516

Vashon Williams and Kevin Echols) beat the victim, an elderly homeless man, and knocked him to the ground. The victim was lying face down on the ground when defendant drew a gun and shot him in the neck. Defendant subsequently bragged to two acquaintances that he shot the victim.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends the trial court erred in failing to sever his trial from that of his co-defendants because their defenses were antagonistic. "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary. [Cit.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Defendant claims he was harmed by the trial court's failure to sever because, although the trial court redacted custodial statements made by the co-defendants, the jury heard two bits of information stemming from those statements.[2] We disagree. Defendant moved for a mistrial with regard to one of the statements; and he interposed an objection with regard to the other. In each instance, the trial court immediately instructed the jury to disregard what they had heard. If the trial court's curative instructions were not sufficient, defendant should have sought additional relief. Absent any such motion or request by defendant, it cannot be said that he was harmed by the information concerning the custodial statements. See *Woodham v. State*, 263 Ga. 580 (439 SE2d 471) (1993); *Smith v. State*, 261 Ga. 512 (407 SE2d 732) (1991).

Defendant has not shown any prejudice to his case which could have been avoided by severing his trial. It follows that the trial court did not err in denying his motion to sever. *Gee v. State*, 261 Ga. 178 (3) (402 SE2d 719) (1991).

3. Defendant contends the trial court erred in refusing to disqualify Williams' counsel because he initially represented both Williams and Jasper Glass, a suspect who ultimately became a prosecution witness. This contention is without merit. We held in *Williams v. State*, supra at (3), that Williams' counsel's representation of Williams and Glass did not constitute a conflict of interest. Moreover, insofar as this appeal is concerned, defendant failed to demonstrate

---

[2] Defendant contends that (1) a detective testified that in a custodial statement co-defendant Echols identified defendant as the shooter, and that (2) counsel for co-defendant Williams stated during closing argument that his client named defendant as the shooter in his custodial statement. Actually, the detective only testified that Echols said defendant and the others were kicking the victim when defendant "pulled out —." At that point, the detective was interrupted by the prosecutor and defendant moved for a mistrial. We assume, for the sake of argument, that the detective's testimony could have been understood as defendant contends.

how he was harmed by any purported conflict.[3]

Whether an attorney should be disqualified from representing a client rests in the discretion of the trial judge. *Redd v. State*, 264 Ga. 399, 401 (444 SE2d 776) (1994); *Clos v. Pugia*, 204 Ga. App. 843, 845 (420 SE2d 774) (1992). It cannot be said that the trial court abused its discretion in refusing to disqualify Williams' counsel.

4. The trial court's finding of probable cause for the issuance of a search warrant was not clearly erroneous. See *Williams*, supra at (4).

5. Defendant's assertion that the trial court should have charged the jury concerning his "misidentification" defense is without merit. "This court has previously held that there is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. *Micheli v. State*, 222 Ga. 361 (149 SE2d 803) [(1966)]." *Young v. State*, 226 Ga. 553, 557 (7) (176 SE2d 52) (1970).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*Henry C. Collins*, for appellant.

*Paul L. Howard, District Attorney, Gina C. Marshall, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

---

[3] Defendant asserts he was harmed because Williams' counsel refused to permit Glass to talk to defendant's attorney. This assertion fails for several reasons. First, it is not supported by the record because Williams' counsel averred that Glass exercised his own prerogative in refusing to be interviewed. Second, defendant had access to Glass' written statements and he was unable to show that his inability to interview Glass impacted adversely on his defense. See generally *Kelly v. State*, 197 Ga. App. 811, 813 (399 SE2d 568) (1990). Third, Glass did not become a prosecution witness until the eve of trial and defendant never asserted it was the State that denied him access to Glass. See generally *Emmett v. State*, 232 Ga. 110, 113 (205 SE2d 231) (1974).