S99A0374. BUSH v. THE STATE.
(517 SE2d 509)

SEARS, Justice.

The appellant, Carmin Bush, was convicted of felony murder and cruelty to children. For sentencing purposes, the trial court merged the cruelty to children conviction with the felony murder conviction, and sentenced Bush to life in prison.[1] On appeal, Bush contends, among other things, that the evidence is insufficient to support his conviction of felony murder, and that the trial court erred in denying

---

[1] The crimes occurred on March 31, 1994, and Bush was indicted on May 10, 1994. Following a jury trial, Bush was found guilty on February 24, 1995. He was sentenced on March 1, 1995. Bush filed a motion for new trial on March 24, 1995, and the court reporter certified the transcript on April 14, 1995. Bush amended his motion for new trial on March 3, April 10, and May 5, 1997. The trial court denied Bush's motion for new trial, as amended, on June 22, 1998, and Bush filed his notice of appeal on July 15, 1998. The appeal was docketed in this Court on December 7, 1998, and was submitted for decision on briefs on January 25, 1999.

his motion for new trial. As for the latter issue, Bush specifically contends that the trial court made all of the findings that would have warranted the grant of a new trial based upon ineffectiveness of trial counsel, but then erred by applying an incorrect standard to rule against his ineffectiveness claim. We agree with the contention, and conclude that it is necessary to remand the case to the trial court for it to rule on Bush's ineffectiveness claim based solely upon the correct ineffectiveness standards.

1. In his first enumeration of error, Bush contends that the evidence is insufficient to support his conviction for felony murder. However, viewing the evidence in the light most favorable to the verdict, it was sufficient for a rational trier of fact to conclude that Bush caused the death of his girlfriend's nine-month-old daughter by smothering her after she began crying. We therefore conclude that the evidence is sufficient to support the conviction.[2]

2. In his motion for new trial, Bush contended that his trial counsel had been ineffective in failing to request charges on accident and involuntary manslaughter. In denying the motion for new trial, the trial court found that charges on accident and involuntary manslaughter were warranted by the evidence; that Bush's trial counsel should have requested the charges; and that there is a reasonable probability that the outcome of the trial would have been different if the charges had been given. The trial court, however, concluded that Bush was not entitled to a new trial because accident and involuntary manslaughter were not Bush's sole defenses, and the trial court therefore was not required to give the charges in the face of trial counsel's failure to request them.

On appeal, Bush contends that the trial court erred in ruling against his ineffectiveness claim by relying on the principle that a trial court is not obligated, absent a request, to charge on a defense that is not the defendant's sole defense.[3] We agree with this contention. If a defendant contends that his trial counsel was ineffective for failing to request a charge, the proper standards for evaluating the ineffectiveness claim are those set forth in *Strickland v. Washington*.[4] These standards do not include the principles concerning when a trial court is required to charge on a defense in the absence of a request.[5] In fact, if a defendant bases his ineffectiveness claim on trial counsel's failure to request a charge on a certain defense, it is irrelevant whether the trial court would have been required to give such a charge absent a request. Rather, the appropriate inquiry is

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] See *Bowden v. State*, 270 Ga. 19, 20-21 (3) (504 SE2d 699) (1998).
[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[5] Id.

whether trial counsel provided deficient representation in failing to request the charge, and if so, whether the defendant can meet the prejudice prong of *Strickland v. Washington.* In making the latter determination, the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have changed the outcome of the trial.[6]

For these reasons, we conclude that, in ruling against Bush's ineffectiveness claim, the trial court erred in relying on the rules governing when a trial court is obligated to charge on a defense even absent a request. Moreover, because the trial court applied an incorrect legal standard in reaching its ruling, we must remand the case to the trial court for it to consider Bush's ineffectiveness claim in light of the correct principles of law.[7]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Carla J. Friend,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[6] See *Lucas v. State,* 265 Ga. 514, 516-517 (3) (458 SE2d 103) (1995).

[7] See *Turpin v. Todd,* 268 Ga. 820, 830 (2) (a) (493 SE2d 900) (1997); *In re R. L .L.,* 258 Ga. 628 (373 SE2d 363) (1988); *Nesbit v. Nesbit,* 241 Ga. 351, 352-353 (245 SE2d 303) (1978).