## S01A1239. SPRINGS v. SEESE.
(558 SE2d 710)

THOMPSON, Justice.

Terryl Scott Seese was granted a writ of habeas corpus on grounds that he was denied effective assistance of counsel, both at trial and by two separate attorneys on appeal. The State has exercised its right of appeal to this Court. We reverse.

A jury convicted Seese of two counts of aggravated assault based on evidence that he aimed a gun at two passengers in a car parked at an Applebee's restaurant parking lot in Marietta, Georgia. Only one victim positively identified Seese in a photographic line-up; however, both were able to identify him in court. Seese testified at trial that at the time of the offense he was at Danny O'Shea's bar, that he remained there until closing, and then took a taxi to his apartment. Trial counsel submitted a request to charge on alibi, but withdrew it during the charge conference. Trial counsel did not request a charge on identity, nor did he reserve the right to object to the charge at a later date.

Following conviction, Seese obtained new counsel (first appellate counsel) who filed a motion for new trial, which the trial court denied. On motion for reconsideration from that ruling, first appellate counsel raised a claim of ineffective assistance of trial counsel. This claim was predicated solely on trial counsel's failure to request a jury charge on the misdemeanor offense of pointing a pistol at

another.[1] The motion for reconsideration was denied. Seese then obtained second appellate counsel who filed a direct appeal, in which he challenged the trial court's failure sua sponte to charge on alibi and identity, and he raised a second claim of ineffective assistance of trial counsel to include counsel's failure to request jury instructions on alibi and identity, and to reserve general objections to the charge.[2] The Court of Appeals affirmed, holding that issues involving the jury charge were not preserved for appellate review because no objection had been asserted in the trial court; and a claim of ineffective assistance of trial counsel on grounds not asserted in the motion for new trial was procedurally barred. *Seese v. State*, 235 Ga. App. 181 (509 SE2d 94) (1998).

In granting the writ of habeas corpus, the habeas court concluded that trial counsel was ineffective in withdrawing his requested jury charge on alibi and in failing to request a jury charge on identity; that counsel's actions cannot be considered strategic; that either theory of the defense could have resulted in acquittal; and that trial counsel's failure to preserve the charge issues for appellate review was prejudicial. Further, it concluded that Seese's first appellate counsel was ineffective in failing to assert trial counsel's ineffectiveness as to issues relating to the jury charge in the motion for new trial, and that second appellate counsel was ineffective in failing to assert on direct appeal that first appellate counsel was ineffective.

Resolution of this appeal depends on whether trial counsel's performance satisfied constitutional requirements. If it did, then first appellate counsel cannot be deemed to be ineffective in failing to raise trial counsel's ineffectiveness on motion for new trial, and second appellate counsel cannot be deemed to be ineffective in failing to assert first appellate counsel's ineffectiveness on appeal.

1. The standard for assessing whether trial counsel rendered constitutionally effective assistance is set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under *Strickland*, a criminal defendant must show both that his counsel's performance was deficient, and but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different.

" '(B)oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.' " *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993), citing *Strickland*, 466 U. S. at 698. In reviewing a ruling of the habeas court, we are required to "accept the habeas court's factual findings and credibility

---

[1] OCGA § 16-11-102.

[2] Counsel did not appeal the denial of the claim of ineffective assistance of trial counsel on the ground asserted in the motion for new trial.

determinations unless clearly erroneous, but we independently apply the legal principles to the facts. *Turpin v. Mobley*, 269 Ga. 635, 639 (3) (502 SE2d 458) (1998)." *Zant v. Means*, 271 Ga. 711, 712 (522 SE2d 449) (1999).

2. At the habeas hearing, trial counsel testified that he withdrew the request to charge on alibi because he believed any potential alibi witnesses would have been more harmful than beneficial to the defense, and he had concerns about offering potentially perjurious testimony.[3] "An appellate court evaluates counsel's performance from counsel's perspective at the time of trial. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, [do] not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). We deem counsel's explanation for electing to abandon an alibi defense and withdrawing the relevant request to charge as a reasonable tactical decision. See *McGhee v. State*, 237 Ga. App. 541 (1) (a) (515 SE2d 656) (1999). See generally *Nix v. Whiteside*, 475 U. S. 157, 173 (106 SC 988, 89 LE2d 123) (1986) ("the right to counsel includes no right to have a lawyer who will cooperate with planned perjury"). In failing to consider and credit trial counsel's proffered explanation, the habeas court misapplied the applicable law. *Grier*, supra; *McGhee*, supra.

3. Assuming arguendo that trial counsel was deficient in failing to request a charge on identity, Seese has not shown that he is entitled to habeas corpus relief based on that omission. When the asserted error of failure to charge is reached indirectly through a claim of ineffective assistance of counsel the test is whether, had the charge been requested, authorized, and given, there is a *reasonable probability* it would have changed the outcome of the trial. *Bush v. State*, 271 Ga. 156 (2) (517 SE2d 509) (1999); *Lucas v. State*, 265 Ga. 514 (3) (458 SE2d 103) (1995); *Wadley v. State*, 258 Ga. 465 (2) (369 SE2d 734) (1988).

The trial evidence showed that a man and woman were sitting in the front seat of their automobile when they observed the perpetrator walk in front of the car, carrying a gun; he then pointed the gun at the two passengers. The male passenger testified that he observed the gunman continually for about ten seconds under good lighting conditions. When he was later shown a photographic line-up, he

---

[3] Although there was some discussion during the charge conference about whether an alibi defense required corroboration, it is clear from the habeas record that trial counsel did not withdraw the request to charge on that basis. On cross-examination, trial counsel reiterated his reasons: "I was uncomfortable with it to begin with, and if [the prosecutor] was going to object to it, then I wasn't going to pursue it any further because of the conversations I had had with witnesses."

"went right to" Seese's photograph. The victim identified Seese in court with "absolute" certainty.

The female victim testified that the perpetrator passed in front of the car and that she was able to observe him under the street lights for several seconds – "a long enough time to be identified." When she was later shown a photographic line-up she thought she recognized the perpetrator, but because she was not entirely certain, she declined to make a choice. However, she unequivocally identified Seese in court as the gunman and also testified that it was his photograph that she was inclined to choose in the line-up.

In closing argument, defense counsel focused almost entirely on the issue of misidentification. The court then thoroughly and correctly charged the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses. Thus, the jury was instructed on the general principles of law underlying a defense of misidentification. See *Micheli v. State*, 222 Ga. 361 (149 SE2d 803) (1966); *Clay v. State*, 232 Ga. App. 656, 658 (1) (c) (503 SE2d 560) (1998). In addition, the jury was charged that they could convict only if they should find beyond a reasonable doubt that *"the defendant did* in Cobb County . . . commit the offense[s] of aggravated assault, as alleged in . . . the bill of indictment." (Emphasis supplied.) Under the circumstances, we find no reasonable probability that if a separate charge on identity had been given, the outcome of the trial would have been different.[4] *Bush*, supra at 156 (2); *Lucas*, supra at 516 (3); *Wadley*, supra at 566 (2).

4. Because Seese was not denied effective assistance of trial counsel under *Strickland*, it follows that appellate counsel were not constitutionally ineffective in failing to pursue a non-viable issue in the motion for new trial or on direct appeal. *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney*

---

[4] We further note " 'there is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime.' " *Weems v. State*, 268 Ga. 515, 517 (5) (491 SE2d 325) (1997). See also *Young v. State*, 226 Ga. 553 (7) (176 SE2d 52) (1970); *Micheli*, supra. Even where identification is the sole defense, it is not error for the court to fail to give an unrequested charge on misidentification where the charge as a whole correctly and thoroughly instructs the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses. *Clay*, supra at 658 (2).