## A06A0938. LOTT v. THE STATE.
(636 SE2d 102)

MILLER, Judge.

Following a jury trial, Mack Henry Lott was convicted of voluntary manslaughter and possession of a firearm by a convicted felon. On appeal, Lott claims that (i) the evidence was insufficient to support his convictions and (ii) the trial court erred in admitting the statement of an unavailable witness and in excluding a psychologist's expert testimony. Lott also claims that he received ineffective assistance of counsel. We find no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on April 4, 1999, the body of Bryant Johnson was found in a ditch near Lott's home. The previous day, Johnson had worked for Lott, helping a four-man crew on various jobs. They met Cheryl Jackson at one of the job sites. After work, Lott bought a gallon of gin and some beer and drove back to his house with Jackson, Johnson, and two other members of the crew. After they arrived, Johnson demanded that Lott give him five dollars. Lott gave Johnson the money and told him to leave and never come back.

Lott, who was worried that Johnson might cause trouble, got out his gun and set it in the bathroom stall. Johnson returned about 30 minutes later, banged on the door, and asked for a light. Lott told Johnson to leave, but Johnson refused. Eventually, Lott told Johnson to go away or he would shoot him. Lott then got his gun, and when Johnson opened the door and began to enter, Lott shot him in the stomach. Johnson fell to the ground, and Lott shot him two more times.

1. Lott claims that the evidence was insufficient to sustain his conviction for voluntary manslaughter. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys

the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find Lott guilty beyond a reasonable doubt of voluntary manslaughter. *Jackson v. Virginia*, supra. The jury was free to reject Lott's claim that he was merely protecting himself from Johnson and that his use of deadly force was authorized under the circumstances. See *Smith v. State*, 261 Ga. App. 781, 782 (1) (584 SE2d 29) (2003).

2. Lott argues that the trial court erred in admitting into evidence a statement made to police by Jackson. For the reasons that follow, we hold that the admission of the statement did not amount to reversible error.

After Jackson failed to appear to testify, the trial court admitted Jackson's statement under the necessity exception to the hearsay rule. See *Grimes v. State*, 280 Ga. 363, 366 (5) (628 SE2d 580) (2006). Lott objected, arguing that the statement's admission violated his constitutional right to confront his accuser. "Where testimonial evidence is at issue . . . the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U. S. 36, 68 (V) (C) (124 SC 1354, 158 LE2d 177) (2004). As Jackson's statement in response to police questioning was testimonial, and Lott did not have a prior opportunity to cross-examine Jackson about the contents of the statement, the statement's admission erroneously infringed upon Lott's right to confront the witnesses against him. See *Brawner v. State*, 278 Ga. 316, 318-320 (2) (602 SE2d 612) (2004) (statements made during police interrogation are subject to *Crawford*). Nevertheless, we conclude that the trial court's error was cured by Jackson's later appearance at trial.

The State located Jackson the day after her statement was read to the jury. She was placed into custody, brought to court, and made available for cross-examination. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements." *Crawford*, 541 U. S. at 59 (IV). Since Lott was afforded the opportunity to confront Jackson, even though he chose not to actually

cross-examine her, the trial court's error in admitting Jackson's statement was cured, and the error is not grounds for reversal. *Brock v. State*, 270 Ga. App. 250, 253 (4) (605 SE2d 907) (2004) ("[s]o long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected") (citation and punctuation omitted). Indeed, Lott "cannot decide not to call the [declarant] as a witness at trial, then complain on appeal that his right to confrontation was violated." *Howell v. State*, 278 Ga. App. 634, 637-638 (2) (629 SE2d 398) (2006) (physical precedent only).

3. Lott claims that the trial court erred in excluding the testimony of clinical psychologist Dr. Robert Shaffer. We disagree.

"The admissibility of expert testimony is a matter within the trial court's sound discretion. We will not reverse the trial court's ruling on such evidence absent an abuse of that discretion." (Citation and punctuation omitted.) *Home Depot U.S.A. v. Tvrdeich*, 268 Ga. App. 579, 581 (1) (602 SE2d 297) (2004).

The State moved in limine to prevent Lott from calling Dr. Shaffer. According to the proffer of Dr. Shaffer's testimony, Lott suffered from a condition that impeded his ability to change a course of action once an action had been instituted. Dr. Shaffer also believed, however, that Lott was competent to stand trial, that Lott knew the difference between right and wrong, and that Lott did not suffer from a delusional compulsion. After hearing a proffer of Dr. Shaffer's testimony, the trial court excluded the testimony as irrelevant.

The trial court did not abuse its discretion in excluding the testimony. Lott contended that he shot Johnson in self-defense. The defense of justification is based on a "reasonable man" standard of behavior, and Lott did not raise an insanity or mental incompetency defense that would have made his mental condition relevant to his guilt or innocence. *Weems v. State*, 268 Ga. 142, 143 (3) (485 SE2d 767) (1997) (other than legal insanity, the defendant's mental state at the time of the shootings was irrelevant to guilt or innocence); *Selman v. State*, 267 Ga. 198, 201 (3) (475 SE2d 892) (1996) ("in homicides where justification is raised as a defense . . . that justification is based upon the fears of a reasonable person, not upon the reasonable fears of the defendant") (citation and punctuation omitted). It follows that the trial court was entitled to conclude that expert testimony pertaining to Lott's psychological condition was irrelevant. Accordingly, the trial court did not err in excluding Dr. Shaffer's testimony.

4. Lott claims that he received ineffective assistance of counsel. Specifically, he contends that his trial counsel was ineffective for failing to request a jury charge on specific forcible felonies that Johnson may have been engaged in that would have authorized Lott to use deadly force against him. We disagree.

"To prove ineffective assistance, [Lott] was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. The trial court's factual determinations with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous." (Citations omitted.) *Bennett v. State*, 266 Ga. App. 502, 504 (3) (597 SE2d 565) (2004); see also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Since evidence supported the trial court's conclusion that counsel rendered effective assistance, Lott's claim to the contrary is without merit.

Lott shows that under OCGA § 16-3-21 (a) "a person is justified in using force which is intended or likely to cause death or great bodily harm . . . to prevent the commission of a forcible felony." Lott contends that evidence would support the conclusion that he was trying to prevent Johnson from committing a forcible felony, particularly burglary, armed robbery, and aggravated assault, and that his trial counsel was ineffective for failing to request a charge on the definitions of these crimes as forcible felonies.

> [I]f a defendant bases his ineffectiveness claim on trial counsel's failure to request a charge on a certain defense, it is irrelevant whether the trial court would have been required to give such a charge absent a request. Rather, the appropriate inquiry is whether trial counsel provided deficient representation in failing to request the charge, and if so, whether the defendant can meet the prejudice prong of *Strickland v. Washington*. In making the latter determination, the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have changed the outcome of the trial.

(Footnote omitted.) *Bush v. State*, 271 Ga. 156, 157-158 (2) (517 SE2d 509) (1999).

Even assuming that Lott's trial counsel was deficient, and the charges, if requested, were warranted by the evidence, Lott cannot show prejudice. The trial court charged the jury on the presumption of innocence, reasonable doubt, burden of proof, and the defense of justification, including that a forcible felony is "any felony which invokes the use or threat of physical force or violence against any person." As the charges given fairly informed the jury as to when a homicide is justified, we cannot conclude that there was a reasonable probability that the jury would have reached a different result if an instruction on specific forcible felonies had also been given. See *Springs v. Seese*, 274 Ga. 659, 662 (3) (558 SE2d 710) (2002) (where,

among other things, the jury was charged on presumption of innocence, burden of proof, and reasonable doubt and instructed on the general principles of law underlying a defense of misidentification, there was no reasonable probability that if a separate charge on identity had been given, the outcome of the trial would have been different). Accordingly, the trial court did not err in concluding that Lott had received effective assistance.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2006.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.