## S07A0331. LEE v. THE STATE.
(642 SE2d 835)

MELTON, Justice.

Following a jury trial, Everett F. Lee, Sr., appeals his conviction for felony murder, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony,[1] contending that the trial court erred by failing to properly charge the jury on identity. Lee also contends that he received ineffective assistance of counsel. We affirm.

1. In the light most favorable to the verdict, the record shows that, on October 11, 1999, Lee was using drugs with Larry Clark in an apartment where Santresia Fountain was also staying. Lee and Clark argued, and Fountain witnessed Lee shoot Clark twice, killing him. Fountain then tried to escape, but Lee followed her and shot her as well. Fountain survived, but she is paralyzed from the collarbone down. Fountain positively identified Lee as the man who shot her and Clark, and two other witnesses testified that they saw Lee go into the apartment in question, they then heard gunshots, and they saw Lee running out of the apartment. One of these witnesses testified that she heard Lee say that he had killed the victims as he ran away. This evidence was sufficient to enable the jury to determine that Lee was

---

[1] On November 9, 1999, Lee was indicted for the malice murder, felony murder, and aggravated assault of Larry Clark; the aggravated assault and aggravated battery of Santresia Fountain; possession of a firearm by a convicted felon; and possession of a firearm during the commission of a felony. On November 2, 2001, a jury found Lee guilty of all charges, except possession of a firearm by a convicted felon which had been severed prior to trial and was ultimately dead docketed. After his initial sentencing by the trial court, Lee filed a motion for new trial on November 8, 2001, amended on March 17, 2004 and October 22, 2004. On December 6, 2005, the trial court granted the motion for new trial in part and vacated the malice murder conviction because an erroneous "use of a deadly weapon" charge regarding intent had been given during trial. See *Harris v. State,* 273 Ga. 608 (2) (543 SE2d 716) (2001). The trial court then gave Lee the following sentence: life imprisonment for the felony murder of Clark (see *Pace v. State,* 274 Ga. 69 (5) (548 SE2d 307) (2001)) with the aggravated assault of Clark merged into this count; twenty consecutive years for the aggravated assault of Fountain with the count of aggravated battery of Fountain merged into this count; and five years consecutive for possession of a firearm during the commission of a felony. Lee's appeal was timely docketed in this Court on November 3, 2006, and his case was orally argued.

guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lee contends that the trial court erred by failing to charge the jury, sua sponte, that the State was required to prove his identity as the perpetrator of the crimes for which he was convicted beyond a reasonable doubt. Lee argues that identification was his sole defense at trial, and the trial court had a duty, even without request, to give the jury a separate instruction on this concept.

> " '[T]here is[, however,] no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime.' " *Weems v. State*, 268 Ga. 515, 517 (5) (491 SE2d 325) (1997). See also *Young v. State*, 226 Ga. 553 (7) (176 SE2d 52) (1970); *Micheli [v. State*, 222 Ga. 361 (149 SE2d 803) (1966)]. Even where identification is the sole defense, it is not error for the court to fail to give an unrequested charge on misidentification where the charge as a whole correctly and thoroughly instructs the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses. *Clay [v. State*, 232 Ga. App. 656, 658 (2) (503 SE2d 560) (1998)].

*Springs v. Seese*, 274 Ga. 659, 662 (3), n. 4 (558 SE2d 710) (2002). Here, the trial court properly instructed the jury on all of these factors. Accordingly, the trial court did not err.

3. Lee contends that he received ineffective assistance because his trial counsel failed to request a jury instruction regarding the possible motive, interest, or bias of a State witness. To prevail on this claim, Lee must show both that his counsel's performance was deficient and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "When the asserted error of failure to charge is reached indirectly through a claim of ineffective assistance of counsel the test is whether, had the charge been requested, authorized, and given, there is a *reasonable probability* it would have changed the outcome of the trial." (Citations omitted; emphasis in original.) *Seese*, supra, 274 Ga. at 661 (3).

During both the preliminary charge and the final charge, the trial court thoroughly instructed the jury that it was the arbiter of each witness's credibility and that it should give consideration to each witness's interest or lack thereof in the outcome of the case. This charge adequately covered the possible motive, interest, or bias of the

State's witnesses.[2] See *Glidewell v. State*, 279 Ga. App. 114, 127 (7) (j) (630 SE2d 621) (2006). Therefore, Lee's trial counsel did not render ineffective assistance by failing to request an additional instruction. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.

---

[2] Moreover, to the extent that Lee argues that the jury was not made aware that a particular witness was being prosecuted for an unrelated crime by the State, thereby giving her motive to testify against Lee in order to receive preferential treatment, the record shows that Lee's trial counsel questioned this witness about the matter in full during cross-examination. In addition, Lee's trial counsel directly questioned this witness's veracity for this reason in his closing argument.