A09A1626. LEWIS v. THE STATE.
(691 SE2d 336)

DOYLE, Judge.
A Gwinnett County jury convicted Lawrence Ronald Lewis of aggravated assault[1] and possession of a knife during commission of a felony.[2] On appeal, Lewis contends that he received ineffective assistance of trial counsel. We disagree and affirm.

Viewed in the light most favorable to the verdict,[3] the evidence shows that Lewis had known Shannon Melton since she was a child. According to Melton, Lewis was in love with her, and he was jealous of her relationship with the victim, Brian Harris, whose apartment

---

[1] OCGA § 16-5-21 (a) (2).
[2] OCGA § 16-11-106 (b).
[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

was located below Lewis's apartment.

On the morning of the incident, Melton called Lewis from Harris's apartment and asked him to take her to Gwinnett Medical Center (the "Center") to "detox." Lewis told her to come upstairs, and they could go together. Melton insisted that Harris accompany her, and so Lewis agreed to take Harris to the Center as well.

Melton and Lewis picked up Harris, and Melton subsequently persuaded Lewis to buy her some crack cocaine. Lewis gave her $20, and Melton purchased the drugs at a nearby apartment complex, and, at Melton's request, they went back to make a second $20 purchase. Melton, Lewis, and Harris smoked the cocaine on the way to the Center, and upon arriving, they remained in the parking lot for approximately 30 to 45 minutes while they finished the drugs.

After dropping their crack pipes in a dumpster, Melton and Lewis began to argue about whether she should leave a message for her parole officer. Lewis eventually took a box of photographs belonging to Melton, threw them out of the driver's side window, and told Melton to get out. Lewis then asked Harris not to contact Melton after she got out of detox. An argument ensued and escalated. Lewis threw a punch, and Harris punched back. Shortly thereafter, Harris threw Lewis to the ground and began walking toward the entrance of the building. Harris turned around, went back to the car, and asked Lewis for his apartment keys, which Harris believed were in Lewis's vehicle. When Harris got to the driver's side door, Lewis slashed Harris's neck with a knife, cutting completely through the jugular vein. A trauma surgeon at the Center was able to prevent Harris from "bleed[ing] out."

Lance Cook, a Gwinnett Healthcare System employee, witnessed the assault. According to Cook's testimony, he was working in his office when he heard screaming. He looked out his window onto the parking lot and saw a white male cross in front of the wooden box that enclosed the trash receptacle. The man leaned into the vehicle and then stood up by the driver's side door as a black male came up to the other side of the door. Cook testified that "[i]mmediately a swing action took place from the white male at the black male . . . within a split second the black male was clutching his neck."

After hearing the evidence, the jury found Lewis guilty of aggravated assault and possession of a knife during commission of a felony. On appeal, Lewis contends that he received ineffective assistance of trial counsel, who (a) failed to introduce certified copies of Melton's convictions, (b) failed to call Melton's mother as a defense witness, and (c) failed to request that aggravated battery as a forcible felony be included in the justification charge. In order to prevail on his ineffective assistance claim, Lewis must show that his trial counsel's performance was deficient and that the deficient

performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[4] There is a strong presumption that trial counsel's conduct falls within the broad range of professional conduct.[5] "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo."[6]

(a) Lewis contends that his trial counsel was in possession of certified copies of Melton's convictions for two violations of the Georgia Controlled Substances Act, giving a false name to a law enforcement officer, theft by receiving stolen property, and felony escape. He argues that his trial counsel's failure to impeach Melton through tender of the certified copies of her convictions into evidence constituted ineffective assistance of trial counsel. We disagree.

The decision whether to impeach a witness through introduction of certified copies of prior convictions is a matter of trial strategy.[7] A review of the trial transcript shows that trial counsel indicated to the trial court that he was aware of Melton's convictions, but that "I don't expect anything to come in concerning Ms. Melton." Trial counsel did not testify at the hearing on motion for new trial. Thus, there is no evidence in the record as to why counsel did not introduce Melton's prior convictions into evidence. Since Lewis "made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of conscious and deliberate trial strategy, these allegations of ineffective assistance of counsel were properly rejected by the trial court."[8]

(b) Lewis further argues that his trial counsel was ineffective in failing to call Janice Dunagan, Melton's mother, as a defense witness. Dunagan testified at the hearing on motion for new trial that Lewis was a family friend and that he had a bad back. Lewis contends that his bad back was a linchpin of his justification defense and that trial counsel's failure to call Dunagan altered the outcome of the trial.

---

[4] See *Nix v. State*, 280 Ga. 141, 142 (3) (625 SE2d 746) (2006).

[5] See *Sanders v. State*, 283 Ga. 372, 374 (2) (659 SE2d 376) (2008).

[6] (Punctuation omitted.) *Sallins v. State*, 289 Ga. App. 391, 392 (1) (657 SE2d 309) (2008).

[7] See *Nix*, 280 Ga. at 143 (3) (b) (trial counsel's decision not to introduce the conviction into evidence was a reasonable trial strategy); *Lakes v. State*, 266 Ga. 389, 389-390 (2) (467 SE2d 566) (1996) (decision not to impeach witness on prior convictions was part of a legitimate trial strategy).

[8] (Punctuation omitted.) *Sanders*, 283 Ga. at 374 (2) (a). See *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002) (without trial counsel's testimony, it is " 'extremely difficult to overcome' " the presumption that counsel's conduct falls within the broad range of reasonable professional conduct).

"Decisions regarding which defense witnesses to call are matters of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel."[9] It is unclear from the record why trial counsel failed to call Dunagan as a witness on Lewis's behalf, or even if he was aware that she had information relevant to Lewis's defense. In any case, because trial counsel did not testify at the new trial hearing, "we must presume that trial counsel's failure to call [Dunagan] was a matter of trial strategy."[10] Lewis fails to show that the trial court erred in failing to find ineffective assistance on this ground.[11]

(c) Lastly, Lewis maintains that trial counsel was ineffective in failing to request that aggravated battery be included as a forcible felony within the justification charge.

> [I]f a defendant bases his ineffectiveness claim on trial counsel's failure to request a charge on a certain defense, it is irrelevant whether the trial court would have been required to give such a charge absent a request. Rather, the appropriate inquiry is whether trial counsel provided deficient representation in failing to request the charge, and if so, whether the defendant can meet the prejudice prong of *Strickland v. Washington*.[12] In making the latter determination, the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have changed the outcome of the trial.[13]

In this case, the trial court charged the jury on justification, including that "a person is justified in using force which is intended or likely to cause death or great bodily harm . . . to prevent the commission of a forcible felony."[14] The trial court's charge then defined forcible felony as "a felony that involves the use or threat of physical force or violence against any person," and instructed the jury that aggravated assault was a forcible felony. The trial court also charged the jury on presumption of innocence, reasonable doubt, and

---

[9] (Punctuation omitted.) *Payne v. State*, 273 Ga. App. 483, 485 (2) (615 SE2d 564) (2005).

[10] Id.

[11] See *Smith v. State*, 282 Ga. App. 339, 345 (4) (638 SE2d 791) (2006) (the decision of which witnesses to call is normally a matter of trial strategy and tactics that must be addressed outside the trial record; accordingly, the trial court was allowed to assume that the decision not to call the witness was a matter of deliberate trial strategy and to rule against defendant's claim of ineffective assistance).

[12] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[13] *Bush v. State*, 271 Ga. 156, 157-158 (2) (517 SE2d 509) (1999).

[14] See OCGA § 16-3-21 (a).

burden of proof. Given the foregoing, the jury was fairly informed as to when the use of force intended or likely to cause great bodily harm was justified. Thus, even assuming that Lewis's trial counsel was deficient in failing to request a charge defining aggravated battery as a forcible felony,[15] and that, if requested, the charge was authorized by the evidence, there is no reasonable probability that the outcome of the trial would have differed had the charge been given.[16] Accordingly, the trial court did not err in denying Lewis's ineffective assistance claim.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 25, 2010.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.

---

[15] Aggravated battery occurs when a person "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a).

[16] See *Lott v. State*, 281 Ga. App. 373, 376 (4) (636 SE2d 102) (2006) (because the jury was fairly informed on justification for homicide, there was not "a reasonable probability that the jury would have reached a different result if an instruction on specific forcible felonies had also been given").