## S12A0930. McLEAN v. THE STATE.
(738 SE2d 267)

HINES, Justice.

Michael Reginald McLean appeals his conviction for felony murder in connection with the shooting death of Perry Phillips. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that McLean and Jermarae Herbert drove from North Carolina with a woman and a man known as "Slim" to visit Treimain Thomas and Torrence McMillian in Clayton County, Georgia. At a gas station in Clayton County, they purchased marijuana from Phillips, and then went to the apartment of Thomas and McMillian, where they spent the night. The next morning, the four visitors spoke of buying more marijuana, and McLean, using Thomas's cell phone, called Phillips and arranged to meet. He, Herbert, and Slim then discussed robbing Phillips. Thomas had left a pistol on a counter in the kitchen. McLean handled it for a few minutes. McLean, Herbert, and Slim then left the apartment, taking the pistol with them. They drove in Herbert's vehicle to meet Phillips, and Phillips entered the back seat side of the vehicle with McLean; Herbert was in the driver's seat, and Slim was in the front passenger's seat. When Phillips produced the marijuana, McLean drew the pistol from his clothing and fatally shot Phillips in the abdomen. Herbert stopped the vehicle and Phillips's body was removed from it.

---

[1] Phillips was killed on February 18, 2006. On May 16, 2007, a Clayton County grand jury indicted McLean, along with Treimain Davon Thomas, Torrence Lesean McMillian, and Jermarae Rashawn Herbert for malice murder, felony murder while in the commission of armed robbery, armed robbery, and aggravated assault. McLean was tried with Herbert before a jury June 9-13, 2008; both men were acquitted of malice murder but found guilty of all other charges. Herbert's conviction for felony murder was affirmed. See Herbert v. State, 288 Ga. 843 (708 SE2d 260) (2011). On June 13, 2008, McLean was sentenced to life in prison for felony murder, and the remaining counts merged with the felony murder charge. See Malcolm v. State, 263 Ga. 369, 371-372 (4), (5) (434 SE2d 479) (1993). McLean filed a motion for new trial on June 23, 2008, and amended it on July 7, 2010; the amended motion was denied on June 7, 2011. McLean filed a notice of appeal on June 30, 2011. His appeal was docketed in this Court for the April 2012 term, and submitted for decision on the briefs.

The three men returned to the apartment of Thomas and McMillian, speaking excitedly. There, Herbert said that McLean had shot Phillips; McLean said that Phillips should not have acted aggressively. Thomas and McMillian testified at McLean and Herbert's joint trial; Slim made no appearance at this trial. Herbert's conviction for felony murder was affirmed. See *Herbert v. State*, 288 Ga. 843 (708 SE2d 260) (2011).

1. McLean contends that the evidence was insufficient to support the verdicts as it largely rested upon the testimony of witnesses who were unreliable. "When this Court reviews the sufficiency of the evidence, it does not re-weigh the evidence or resolve conflicts in witness testimony, but instead it defers to the jury's assessment of the weight and credibility of the evidence. [Cit.]" *Greeson v. State*, 287 Ga. 764, 765 (700 SE2d 344) (2010). It is for the jury to resolve conflicts in the evidence and questions of witness credibility, not this Court. *Tolbert v. State*, 282 Ga. 254, 256 (1) (647 SE2d 555) (2007). The evidence authorized the jury to find McLean guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McLean's motion to sever his trial from that of Herbert was denied, which he contends was error.

> In a murder case where the death penalty is not sought, the trial court has broad discretion to grant or deny a motion for severance. In exercising that discretion, the trial court must consider the following factors: (1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights?

*Butler v. State*, 290 Ga. 412, 413 (2) (721 SE2d 876) (2012) (Citations and punctuation omitted.) There were only two defendants at McLean's trial, the evidence showed they acted together, and the law applicable to each was substantially the same. See *Herbert*, supra at 845 (2). McLean contends that his defense, namely that Slim was the shooter, was antagonistic to Herbert's defense that McLean was the shooter. However, at trial, both men primarily argued that the State's evidence was insufficient and unreliable, although McLean also argued

that Slim was the actual shooter.[2] In any event, antagonistic defenses alone are not sufficient to mandate severance; McLean must also demonstrate harm from the failure to sever. *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997). McLean does not point to any evidence produced against him in this joint trial that would not have been admitted in a separate trial, *Butler*, supra, and he fails to show specific prejudice from the presentation of his and Herbert's defenses at the joint trial. See *Krause v. State*, 286 Ga. 745, 750 (5) (691 SE2d 211) (2010). Accordingly, the trial court did not abuse its discretion in denying McLean's motion to sever his trial from that of Herbert. *Butler*, supra.

3. During the direct examination of a detective who had questioned Herbert, the State asked: "[d]id Mr. Herbert tell you where the gun was?" The detective answered: "I believe he said they threw it out on the side —," at which point counsel for Herbert objected. After the jury was excused, Herbert moved for a mistrial, in which McLean joined. McLean contends that his right to confrontation was violated under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).[3]

> In *Bruton*, supra, the Court held that a defendant's Sixth Amendment right of confrontation is violated, despite cautionary instructions, when: (a) co-defendants are tried jointly; (b) one co-defendant's confession is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement. [Cit.] *Bruton* excludes only the statement of a nontestifying co-defendant that standing alone directly inculpates the defendant. [Cits.]

*Nelms v. State*, 285 Ga. 718, 721 (2) (b) (681 SE2d 141) (2009). Nothing in Herbert's statement to which the detective testified mentioned McLean or otherwise implicated him. Although McLean argues that the use of the word "they" necessarily referred to McLean, "they" were never identified and "the remainder of [Herbert's] remarks referred only to himself. [Cit.]" Id. Thus, the use of the term "at most . . . became incriminating only when linked with other evidence

---

[2] The jury was instructed on the law regarding party to a crime. See *Butler*, supra.

[3] Herbert's motion for a mistrial based upon *Bruton* was apparently premised upon a belief that the detective was testifying about a statement McLean gave, but this was not so; the testimony was clearly about the detective's questioning of Herbert. See *Herbert*, supra at 848 (5).

introduced at trial. [Cit.]" *Burns v. State*, 280 Ga. 24, 27 (3) (622 SE2d 352) (2005). Such a statement "falls outside *Bruton*'s scope." Id. Compare *Ardis v. State*, 290 Ga. 58, 60-62 (2) (718 SE2d 526) (2011) (Testimony about the statement obviously referred to appellant, despite the redaction of the appellant's name from the statement itself.).

4. McLean now asserts that the trial court should have instructed the jury that, as to each crime in the indictment, a defendant must knowingly participate in the crime, using the pattern instruction. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.43.10 (4th ed. 2007). See also *Eckman v. State*, 274 Ga. 63, 67 (3) (548 SE2d 310) (2001). However, the record contains no such written request, no oral request during the charge conference for such an instruction, and no objection to the court's failure to give such an instruction. Accordingly, this Court's review is limited to a determination of whether the trial court's instruction constituted "plain error." See OCGA § 17-8-58.[4] This Court set forth the test for plain error under OCGA § 17-8-58 (b) in *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

---

[4] OCGA § 17-8-58 reads:

(a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.

(b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.

Id. (Citations and punctuation omitted.) However, to the extent that the omission was error, there is no likelihood that it affected the outcome of the trial, as the court instructed the jury on the law regarding criminal intent, including that it is an element of all crimes charged; the State's burden to prove all elements of the crimes charged beyond a reasonable doubt; parties to a crime; and mere presence. See *Allen v. State*, 290 Ga. 743, 745-746 (3) (723 SE2d 684) (2012).

5. Finally, McLean contends that his trial counsel failed to provide effective representation in a number of respects. In order to prevail on this claim, McLean must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of the required test, the defendant must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784. To meet the second prong of the test, the defendant must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. at 783. "'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) McLean's counsel requested that the court give the pattern jury instruction on "equal access." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.76.20 (4th ed. 2007). The trial court did not give the requested charge, and McLean now asserts that the fact that trial counsel did not object to the failure to give the instruction was deficient performance. During the hearing on the motion for new trial, trial counsel testified that he expected his request to be denied; such an expectation was warranted. "A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper. [Cit.]" *Stokes v. State*, 281 Ga. 875, 877 (3) (644 SE2d 116) (2007). And, the pattern instruction on equal access was not warranted in this case.

[A] charge on equal access is appropriate to counter a jury instruction on presumption of possession, and is not necessary otherwise. Equal access is merely a defense available to the accused to whom a presumption of possession flows. Where the State did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense.

*State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006) (Citation and punctuation omitted.) Accordingly, there was no deficient performance. See *Duvall v. State*, 290 Ga. 475, 477 (2) (b) (722 SE2d 62) (2012).

(b) Counsel also requested that the court give the pattern jury instruction on "identification," presumably referring to section 1.35.11 of the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed. 2007). However, during the charge conference, the court stated that it did not believe that identification was an issue in the case; McLean's counsel did not object at that time, or after the court gave its jury instructions, which did not include any charge regarding identification. On appeal, McLean contends the failure to raise any objection was deficient performance, and states that "[i]dentification of Appellant was a central issue in this case," but does not elucidate that contention. At trial, Thomas and McMillian both clearly identified McLean in court as one of the men who was in their apartment planning the robbery of Phillips, and later discussing it; they were not cross-examined on this portion of their testimony and no contrary evidence was introduced to challenge the reliability of their identification of McLean.

" '[T]here is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime.' [Cit.]" *Weems v. State*, 268 Ga. 515, 517 (5) (491 SE2d 325) (1997). The jury was instructed on the State's burden of proof, the presumption of innocence, reasonable doubt, credibility of witnesses, and impeachment of witnesses. "Thus, the jury was instructed on the general principles of law underlying a defense of misidentification. [Cit.]" *Springs v. Seese*, 274 Ga. 659, 662 (3) (558 SE2d 710) (2002). Assuming that counsel was deficient in failing to object to the court's lack of an identity instruction, there is no reasonable likelihood of a different result at trial had counsel secured an instruction on identification, and no ineffective assistance of counsel is shown. *Lee v. State*, 281 Ga. 776, 777 (2) (642 SE2d 835) (2007).

(c) McLean now contends that a jury instruction on the principle that the conviction of one of the defendants did not necessitate the conviction of the other defendant was warranted. See *Hightower v. State*, 287 Ga. 586, 590 (4) (698 SE2d 312) (2010). Trial counsel did not request such an instruction, and McLean asserts that this failure constituted deficient performance. In its instructions, the court used the term "defendants" when first referring to the indictment, but thereafter used language phrased in the singular, referring to "either defendant," stating that if the State's burden was not met, the jury should acquit "that defendant"; as to each specific crime, the jury was instructed that if it found either defendant guilty, it would be authorized to find "that defendant guilty" of the crime. The court also instructed that the jury's concern was the "guilt or innocence of each defendant." Moreover, the court used a separate verdict form for each defendant.

While this Court has stated that the "better practice" is to give the instruction at issue, failure to do so when the instruction is not requested does not constitute reversible error when the instructions, viewed as a whole, direct the jury to make a separate determination as to the guilt or innocence of each defendant. See *Nicholson v. State*, 265 Ga. 711, 713-714 (3) (462 SE2d 144) (1995). The trial court's instructions gave the jury the necessary direction, and there is no reasonable likelihood of a different result had the particular instruction been requested and given.

*Judgment affirmed. All the Justices concur, except Nahmias, J., who concurs in judgment only as to Division 3.*

DECIDED NOVEMBER 5, 2012.

*Darrell B. Reynolds, Sr.*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Tiffany C. Boulware, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.