**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 27, 2026**

# In the Court of Appeals of Georgia

A25A2130. GARCIA v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Ramon Garcia was convicted of aggravated assault and possession of a firearm during the commission of a felony. He appeals the denial of his motion for new trial. Garcia argues that the evidence does not support his convictions and that the trial court committed plain error by failing to charge on identification. We hold that the evidence was sufficient and that the trial court did not plainly err. So we affirm.

1. *Sufficiency of the evidence*

(a) *Evidence presented at trial*

"Viewed in the light most favorable to the verdict[ ], the evidence presented at trial showed the following." *Bostic v. State*, 322 Ga. 688 (1) (921 SE2d 295) (2025). As the victim exited a convenience store, he saw Garcia exit the driver's side of a pickup truck parked in the parking lot. A glass beer bottle fell out of the truck and broke.

The victim asked Garcia to pick up the pieces of broken glass because children walked through the area. Garcia acted as if he were aggravated, and the men began exchanging heated words, but the victim helped Garcia pick up the glass. The victim then walked away.

After the victim had walked a short distance, the truck drove up to him and stopped. Garcia was driving. He rolled down the window, said some words, got out of the truck, and shot both of the victim's legs. Garcia then got back in the truck, and drove off.

While law enforcement officers were investigating the scene of the shooting, one of the officers was contacted by another officer with the names of two possible suspects, Garcia and another man, who turned out to be the owner of the truck and a passenger at the time of the altercation. Officers went to the truck owner's house, where they saw a truck that matched the description of the truck involved. The truck

owner denied knowing anything about the incident but admitted that he had been with Garcia.

Like Garcia, the truck owner was charged with aggravated assault and possession of a firearm during the commission of a crime for the shooting. But the owner entered a guilty plea to making false statements in exchange for his testimony at trial.

At trial, the victim identified Garcia as the shooter. The truck owner, Garcia's passenger, also testified that Garcia got out of the truck and shot the victim, although he testified that he did not actually see a gun.

(b) *Constitutional sufficiency of the evidence*

Garcia argues that the evidence was insufficient as a matter of constitutional due process to support his convictions. "When assessing this claim, we view all of the evidence presented at trial in the light most favorable to the verdicts and consider whether any rational juror could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted." *Merritt v. State*, ___ Ga. ___, ___ (2) (922 SE2d 803) (2025) (citation and punctuation omitted). See *Jackson v. Virginia*, 443 US 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Garcia argues that the evidence was insufficient because the victim was initially unable to identify his assailant and because his former codefendant changed his account of what happened after the state gave him a plea deal. "But our limited review under the standard set out in *Jackson* leaves to the jury the resolution of conflicts in the testimony, the weight of the evidence, the credibility of witnesses, and reasonable inferences to be made from basic facts to ultimate facts." *Bostic*, 322 Ga. at 690 (2) (a) (citation and punctuation omitted). From the evidence presented at trial, the jurors "could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted." *Merritt*, ___ Ga. at ___ (2). See OCGA §§ 16-5-21, 16-11-106.

(c) *General grounds*

Garcia argues that the trial court erred by denying his motion for new trial because the verdict was contrary to the principles of justice and equity and contrary to the weight of the evidence. See OCGA §§ 5-5-20 (authorizing grant of new trial if the trial judge determines that the jury's verdict is "contrary to evidence and the principles of justice and equity"); 5-5-21 (authorizing grant of new trial if the trial judge determines that the jury's verdict is "decidedly and strongly against the weight of the evidence").

4

On appeal from the denial of . . . a motion [raising claims under OCGA §§ 5-5-20 and 5-5-21], this court reviews whether the trial court exercised its discretion as the thirteenth juror. [W]hen the record shows that the trial court in fact exercised its discretion under OCGA §§ 5-5-20 and 5-5-21, the decision to grant or deny a new trial on the general grounds is vested solely in the trial court and not subject to our review.

*Bostic*, 322 Ga. at 696 (6) (citations and punctuation omitted). The order denying Garcia's motion for new trial shows that the trial court exercised his discretion, so this argument is not subject to our review.

2. *Failure to instruct the jury on identification*

Although Garcia did not request a jury charge on the concept of identification, he argues that the trial court plainly erred by failing to instruct the jury on that concept since that was the sole issue at trial. We disagree.

There is . . . no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. Even where identification is the sole defense, it is not error for the court to fail to give an unrequested charge on misidentification where the charge as a whole correctly and thoroughly instructs the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses.

*Lee v. State*, 281 Ga. 776, 777 (2) (642 SE2d 835) (2007) (citations and punctuation omitted). The trial court properly instructed the jury on all of these factors. The trial court did not plainly err by failing, sua sponte, to instruct the jury on the concept of identification.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*